# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH RIAD,**<br>  **Plaintiff,**<br><br>      v.<br><br>**VANNIPA SMITH, et al.,**<br>  **Defendants.** | **CIVIL ACTION**<br><br><br><br><br><br>**NO. 13-2696** |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS AND
## GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

**AND NOW**, this 28th day of August, 2013, after review of Plaintiff's Amended Complaint (ECF 5); Defendants Andrew Alexis's, Michael Fastman's, and Tischer Autopark, Inc.'s (the "Moving Defendants") Motion to Dismiss (ECF 19); Plaintiff's Response thereto (ECF 25); and Moving Defendants' Reply (ECF 27), it is hereby **ORDERED** that:

1. Moving Defendants' Motion to Dismiss is GRANTED;

2. Plaintiff's Amended Complaint is DISMISSED, without prejudice, with respect to Moving Defendants; and

3. Plaintiff is granted leave to file a Second Amended Complaint within twenty-one (21) days of this order.

The reasons are as follows:

   **1.** Plaintiff alleges that he gave approximately $58,000 to one of the Defendants, Vannipa Smith, based on Smith's representation that she could purchase Plaintiff a BMW model X5 automobile at a favorable price. Smith, however, used Plaintiff's money to purchase the car for resale to a buyer in China for a much higher price and kept all the proceeds from the resale.

   **2.** Plaintiff's First Amended Complaint sets forth various claims against not only Smith, but two corporations allegedly controlled by her,[1] as well as the

---

[1] These corporate defendants are not represented by counsel, and, therefore, Plaintiff should, assuming they were properly served, seek a default as to them or drop them as defendants.

dealership where Smith allegedly purchased the BMW X5 and two of the dealership's employees/agents who allegedly participated in Smith's resale scheme.

    **3.** Plaintiff sues Smith for breach of contract, and Smith and the Moving Defendants in tort.

    **4.** Plaintiff's allegations as to the facts are confusing and contradictory. This is particularly true regarding Defendant Smith.

For example, at one point, Plaintiff alleges that Smith admitted to receiving $168,000 for two of Plaintiff's cars (Am. Compl. ¶ 53); but Plaintiff also submitted an affidavit from Smith stating that she was "double-crossed" by, among others, one of her co-defendants, and she "never got any of the profits" from her alleged resale scheme. (Smith Aff. ¶ 12, Ex. N to Pl.'s Resp.)

Plaintiff also alleges that Smith never intended to secure him a BMW X5, (Am. Compl. ¶¶ 61-62) but Smith's affidavit states that she intended to use some of the profits from the aforementioned resale to the Chinese buyer to purchase Plaintiff a "replacement x5 BMW." (Smith Aff. ¶¶ 12, 18.)

    **5.** The Court also notes that it previously held hearings in this case on June 13 and 26, 2013 regarding Plaintiff's now withdrawn motion for a preliminary injunction against Defendant Smith, which Plaintiff filed to prevent dissipation of her assets. Based in part on Smith's admissions at those hearings that she owed money to Plaintiff, the Court allowed limited discovery into her finances, in particular, her bank records. As of the date of this Order, Plaintiff has taken no action regarding Smith's admissions in open court. Plaintiff should consider whether he would be well-served by securing a judgment based on Smith's admissions and pursuing enforcement of that judgment. The Court further notes that Smith has not responded to the Amended Complaint, but Plaintiff has not secured a default. This Order is without prejudice to Plaintiff taking further action as to Smith.

    **6.** As to Plaintiff's tort claims, Plaintiff alleges that the various Defendants conspired, but his Amended Complaint does not provide the level of factual allegation required by <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), to satisfy Fed. R. Civ. P. 8.

As explained in <u>Iqbal</u>, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. 678 (quotation omitted).

Plaintiff's Amended Complaint, however, contains hardly more than the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice"; it lacks the requisite "factual content that [would] allow[] the court to draw the reasonable inference that the defendant[s]

[are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555-56); accord Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)).

7. Plaintiff's claims for conversion and tortious interference appear to rely entirely on the legal theory of conspiracy; but the Court holds that Plaintiff did not plead facts sufficient to satisfy Iqbal's and Twombly's requirements with respect to these torts.

8. As to damages, Plaintiff states a claim for damages against Smith of approximately $58,000; it is unclear, however, why Plaintiff would have a claim for anything greater from Smith. Additionally, in order to recover damages from the Moving Defendants, Plaintiff must plead facts sufficient to support his tort claims against them.

9. The relevant conduct in this case took place in both Maryland and Pennsylvania; the UCC may apply, but Plaintiff does not state any UCC claim.

10. Finally, in view of the apparently complex web of allegations and admissions that will need to be sorted out in resolving this case – which may portend, in addition, knotty legal tangles – the parties may wish to explore settlement before further engaging in this potentially complex and expensive litigation.

**BY THE COURT:**

**Lawrence F. Stengel, for**

---

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-2696 riad v. smith et al\13cv2696.Order re Mot. to Dismiss and 2d Am. Compl.docx